UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CATHY M. DECKYS, a married woman as her sole and separate property,<br><br>                   Plaintiffs,<br>  v.<br><br>BAC HOME LOANS SERVICING LP, a subsidiary of/a.k.a. Bank of America, N.A., a subsidiary of Bank of America Corporation, believed to be a foreign Corporation; COUNTRYWIDE BANK, FSB; NORTHWEST TRUSTEE SERVICES, INC. (an Idaho Corp., as Successor Trustee; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS),<br><br>                   Defendants. | Case No. 1:12-cv-00529-BLW<br><br>**ORDER ADOPTING REPORT & RECOMMENDATION** |

      On April 17, 2013, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation, recommending that the Bank of America Defendants' Motions to Dismiss (Dkt. 5) be granted, and further *re*commending that Defendant Northwest Trustee Services' Motion for Joinder (Dkt. 8) be granted.

      Any party may challenge a magistrate judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Magistrate Judge's Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). The district court

ORDER - 1

must then "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

Plaintiff Cathy Deckys has filed a limited objection to the Magistrate Judge's rulings. She asks this Court to review Judge Dale's findings related to plaintiff's "produce the note" and "prove rights to enforce" arguments. *Objection,* Dkt. 25, at 2. After considering these arguments and conducting a *de novo* review of the record, the Court finds that Judge Dale correctly decided these issues.

## Discussion

Deckys contends that defendants cannot foreclose her property unless they first produce the promissory note and thus prove their standing to foreclose. This argument is foreclosed by *Trotter v. New York Mellon Bank*, 275 P.3d 857 (Idaho 2012). *Trotter* held that "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note . . . ." *Id.* at 862.

Despite the clarity of this holding, Deckys contends that *Trotter* is inapplicable because it does not explicitly discuss Article 3 of Idaho's Uniform Commercial Code. Yet *Trotter* concluded that two bankruptcy court decisions from this district – *In re Sheridan,* No. 08-20381-TLM, 2009 WL 631355 (Bankr. D. Idaho Mar. 12, 2009) and *In re Wilhelm,* 407 B.R. 392 (Bankr. D. Idaho 2009) – were "inapplicable in the context of a nonjudicial foreclosure." *Trotter*, 275 P.3d at 862 n.3. *Sheridan* and *Wilhelm* addressed

Article 3 at some length, reasoning that if a person seeks to foreclose, they would first need to prove standing under Article 3. *See, e.g., Wilhelm,* 407 B.R. at 401. Thus, *Trotter* implicitly rejected Deckys' Article 3 arguments.

Next, Deckys' reliance on *Nielson v. Westrom*, 270 P.1054 (1928) is misplaced because that case does not deal with a person's right to foreclose under Idaho's Deed of Trust Act. In *Nielson*, the borrower paid the original lender on a promissory note. *Id.* at 1054. That lender sold the note to a third party, yet continued to receive payments from the borrower. *Id.* The third party later sought to foreclose the note. *Id.* The Court held that the borrower had paid at his own peril because he did not demand production of the note when he made his payments. *Id.* at 1055.

*Nielson* is inapplicable because Deckys is not trying to make payments on her note. Rather, she is insisting that defendants produce the note before non-judicially foreclosing. Thus, *Trotter* directly governs this dispute, not *Nielson*. Moreover, even if Deckys were attempting to make payments on the note, in signing the note, she agreed that it could be sold without prior notice to her, and that she would continue to make payments to the loan servicing company. *See Deed of Trust, Ex. A to Compl.*, Dkt. 1-2, ¶ 20. These facts were not present in *Nielson*.

## ORDER

**IT IS ORDERED:**

1. Having conducted a *de novo* review of the Report and Recommendation, the Court finds that Magistrate Judge Dale's Report and Recommendation

is well founded in law and consistent with the Court's own view of the evidence in the record. Therefore, acting on the recommendation of Magistrate Judge Dale, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that the Report and Recommendation entered on April 17, 2013 (Dkt. 22) shall be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

2. Defendants' Motions to Dismiss (Dkt. 5) is **GRANTED WITHOUT LEAVE TO AMEND.** Judgment will be entered separately.

3. Defendant's Joinder Motion (Dkt. 8) is **GRANTED**.

DATED: June 18, 2013

B. Lynn Winmill
Chief Judge
United States District Court